```
                                        F I L E D
                                   CLERK, U.S. DISTRICT COURT

                                        3/1/2023

                                   CENTRAL DISTRICT OF CALIFORNIA
                                   BY:          DTA          DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>THUAN NHAM,<br><br>            Defendant. | No. 8:23-cr-00028-DOC<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 1960(a), (b)(1)(B):<br>Operating an Unlicensed Money<br>Transmitting Business; 18 U.S.C.<br>§ 1956(a)(3)(B): Laundering of<br>Monetary Instruments; 18 U.S.C.<br>§ 982: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 1960(a), (b)(1)(B)]

Beginning on a date unknown, but no later than September 24, 2019, and continuing until on or about January 22, 2022, in Orange County, within the Central District of California, and elsewhere, defendant THUAN NHAM knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business affecting interstate and foreign commerce, namely, a virtual currency exchange business, that failed to comply

with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and the regulations prescribed under such section.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TWO

[18 U.S.C. § 1956(a)(3)(B)]

On or about September 24, 2019, in Orange County, within the Central District of California, defendant THUAN NHAM, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, that is, the felonious importation, receiving, buying, selling, and otherwise dealing in controlled substances punishable under a law of the United States ("drug trafficking"), knowingly conducted a financial transaction, affecting interstate commerce, involving property represented by a person at the direction of a Federal official authorized to investigate such violations to be proceeds of specified unlawful activity, that is, drug trafficking, namely, the exchange of 2.42701168 Bitcoin for $21,980 in United States dollars (Blockchain transaction ID d8ebf97c9a3fe28a1a1589d4eefaf6a4f3e957a1d2b2d57eed9bd85a86670db6).

COUNT THREE

[18 U.S.C. § 1956(a)(3)(B)]

On or about October 2, 2020, in Orange County, within the Central District of California, defendant THUAN NHAM, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, that is, the felonious importation, receiving, buying, selling, and otherwise dealing in controlled substances punishable under a law of the United States ("drug trafficking"), knowingly conducted a financial transaction, affecting interstate commerce, involving property represented by a person at the direction of a Federal official authorized to investigate such violations to be proceeds of specified unlawful activity, that is, drug trafficking, namely, the exchange of 4.82986505 Bitcoin for $48,900 in United States dollars (Blockchain transaction ID ca8840348fdd380ec36e448eec58c3eb97e3fa968a0dae9cb226afb173717504).

COUNT FOUR

[18 U.S.C. § 1956(a)(3)(B)]

On or about November 18, 2021, in Orange County, within the Central District of California, defendant THUAN NHAM, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, that is, the felonious importation, receiving, buying, selling, and otherwise dealing in controlled substances punishable under a law of the United States ("drug trafficking"), knowingly conducted a financial transaction, affecting interstate commerce, involving property represented by a person at the direction of a Federal official authorized to investigate such violations to be proceeds of specified unlawful activity, that is, drug trafficking, namely, the exchange of approximately .85664 Bitcoin for $46,275 in United States dollars (Blockchain transaction ID 049ed2e6071358f100ad5938030ff469e27853c3328fad1fcd480ae8b93afb72).

COUNT FIVE

[18 U.S.C. § 1956(a)(3)(B)]

On or about December 21, 2021, in Orange County, within the Central District of California, defendant THUAN NHAM, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, that is, the felonious importation, receiving, buying, selling, and otherwise dealing in controlled substances punishable under a law of the United States ("drug trafficking"), knowingly conducted a financial transaction, affecting interstate commerce, involving property represented by a person at the direction of a Federal official authorized to investigate such violations to be proceeds of specified unlawful activity, that is, drug trafficking, namely, the exchange of 2.01911496 Bitcoin for $94,160 in United States dollars (Blockchain transaction ID cc15abf7eb895da05cb971ecbf4ecc5d623683d3324c63a84672de4ec9fb82a2).

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

course of the money laundering offense unless the defendant, in

committing the offense or offenses giving rise to the forfeiture,

conducted three or more separate transactions involving a total of

$100,000.00 or more in any twelve-month period.

A TRUE BILL

/s/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

*Scott M. Garringer*
*Deputy Chief, Criminal Division For:*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

GREGORY S. SCALLY
Assistant United States Attorney
Deputy Chief, Santa Ana Branch
  Office

JAKE D. NARE
Assistant United States Attorney
Santa Ana Branch Office